NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM NIEVES, | : | |
| Petitioner, | : | Civil No. 11-6502 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

**WILLIAM NIEVES**, Petitioner pro se
#31346-160
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**KUGLER,** District Judge

William Nieves ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking expungement of his record and restoration of good conduct time, which had been disallowed as a disciplinary sanction for committing the prohibited act of Possessing a Hazardous Tool (Code 108).  For the reasons expressed below, the Court will deny the Petition.

**I. BACKGROUND**

On February 24, 2009, Petitioner was issued an incident report for possession of a cell phone and subsequently, after a hearing, he was sanctioned with the loss of commissary for one year; loss of telephone for one year; loss of visitation for one

year; and loss of forty days good time credit.  Petitioner argues that charging him with a Code 108 violation for possession of a cell phone is improper because: (1) it violates his Equal Protection rights; (2) the Bureau of Prisons ("BOP") failed to give notice that possession of cell phones would be treated as a Code 108 violation; and (3) any rule change should have been made through the Administrative Procedure Act ("APA").

**II. DISCUSSION**

**A. Legal Standard**

**1.  Jurisdiction**

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to

consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

**2. Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 through Rule 1(b).  Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable to § 2241 through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.

1985); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**B.  Analysis**

**1. Equal Protection**

In his first ground for relief, Petitioner argues that the BOP has treated him differently than other similarly situated inmates and this is a violation of the Equal Protection Clause.

Petitioner asserts that the BOP violated his right to equal protection because it reduced the 108 code violation to a 305 code violation for inmates Hudson and Neagle, who previously filed § 2241 petitions.  On January 15, 2010, Duane Hudson filed a § 2241 petition challenging the loss of good conduct time for possession of a cell phone at FCI Fort Dix, in violation of code 108.  See Hudson v. Zickefoose, No. 10-251 (RBK), 2010 WL 4746220 (D.N.J. Nov. 15, 2010).  This Court found that the petition was rendered moot since the BOP had re-sanctioned Hudson for committing a code 305 violation, but determined that, "even if the Petition has not been rendered moot ..., Petitioner's challenges would be subject to dismissal." Id. at *1 (citing Pittman v. Zickefoose, Civil No. 10-5057(RMB) (D.N.J. Oct. 20, 2010)).

Similarly, Christopher Neagle filed a § 2241 petition

4

challenging the loss of 41 days of good conduct time for possession of a cell phone in violation of code 108. See Neagle v. Grondolsky, 2010 WL 2546021 (D.N.J. June 18, 2010). "Petitioner allege[d] that he was deprived of liberty without due process of law because he has lost good conduct days as a result of the sanctions imposed by being charged with a Code 108 infraction for the possession of a cell phone which carries stronger legal consequences than a Code 305 violation." Id. at *3. Although the BOP's answer indicated that it had reduced the infraction to a Code 305 violation, Judge Hillman dismissed the petition on the merits, finding that the BOP did not violate Petitioner's due process rights.

The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). A petitioner who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination that had a discriminatory effect on him. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Whitus v. Georgia, 385 U.S. 545, 550 (1967). "Thus, to prevail under the Equal Protection Clause, [Petitioner] must prove that the decisionmakers in his case acted with discriminatory purpose." McCleskey, 481 U.S. at 292.

In this case, other than alleging that the BOP reduced the severity of the disciplinary charge for cell phone possession in

5

two other cases, Petitioner has alleged no facts to indicate that his disciplinary sanction was the result of purposeful discrimination.  Accordingly, his equal protection claim fails.  See Millard v. Hufford, 415 F. App'x. 348, 349-50 (3d Cir. Feb. 28, 2011) ("Millard cited various cases in which inmates received less severe punishment for the same violation committed by Millard (possession of a weapon), arguing that because he received harsher punishment than other inmates for the same offense, the punishment must have been the result of discrimination .... Millard's argument falls well short of establishing the purposeful discrimination necessary to make out an equal protection claim").

**2. Notice**

In his second ground, Petitioner asserts that the BOP violated the Due Process Clause by increasing the severity of the sanctions for possession of a cell phone without adequate notice. Petitioner argues that at the time he was found to be in possession of a cell phone, said violation was classified as a violation of Code 305.  However, when Petitioner was charged, he was charged with a violation of Code 108, which is considered a severe level violation.  Petitioner argues that he received no notice of the change in severity level regarding possession of a cell phone.

Petitioner does not contend that he was not on notice that

possession of a cellular telephone was a prohibited act, notwithstanding that neither Code 108 nor 305 specifically refers to cellular telephones. Instead, it appears that Petitioner is arguing that he had some sort of entitlement, based upon alleged prior practice by the BOP, to discipline under a lower severity (and lower sanction) provision. Petitioner has no such "due process" entitlement. To the contrary, while Petitioner has due process rights to notice as to general categories of acts prohibited, he has no due process right to personal notice as to any specific administrative sanction he might face if his violation is detected. See, e.g., Ortiz v. Zickefoose, Civil No. 10-4174, 2011 WL 1675003, at *6 (D.N.J. May 3, 2011), and cases cited therein. Petitioner was put on notice, by the very language of Code 108, that Code 108 sanctions could be imposed upon him for possession of a hazardous tool "likely to be used in an escape or escape attempt" or "hazardous to institutional security," descriptions plainly applicable to unauthorized cellular telephones in a prison. Robinson v. Warden, 250 F.App'x. 462 (3d Cir. 2007) (per curiam) (rejecting the inmate's argument that Code 108 was too vague to provide notice of its applicability to possession of a cellular telephone); see also Hall v. Zickefoose, 448 F.App'x. 184, 186 (3d. Cir. October 21, 2011).

Thus, Petitioner had adequate notice that possession of

cellular telephones was prohibited and that such possession could result in a Code 108 violation charge. As such, this ground for relief also fails.

### 3. Administrative Procedure Act

Finally, in his last ground, Petitioner argues that changes to the BOP rules must be done using the process identified by the APA and where there is a failure to do so, the BOP is precluded from enforcing the proposed rule.

"BOP's internal agency guideline[s]" are not subject to the notice and comment requirements of the APA. See Reno v. Koray, 515 U.S. 50 (1995); see also Royal v. Tombone, 141 F.3d 596, 600 (5th Cir. 1998) (rejecting prisoner's argument that BOP's change in policy was invalid because it was not promulgated in accordance with the APA, as agency guidelines are "promulgated internally and may be altered at will by the BOP"); Koray v. Sizer, 21 F.3d 558, 562 (3d Cir. 1994) (internal agency guidelines may be altered by the BOP at will and are not subject to the notice and comment requirements of the APA), rev'd on other grounds sub nom Reno v. Koray, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995); Hudson v. Zickefoose, 2010 WL 4746220, No. 10-251 (RBK); Pittman v. Zickefoose, 10-5057 (RMB). Further, the Third Circuit in Hall also found the same. Hall, 2011 WL 5009872, at *1-2 ("The APA does not apply to PAC 108 because PAC 108 is an interpretive rule.") As such, Petitioner's argument to

8

the contrary has no merit.

### III.  CONCLUSION

For the above reasons, the Petition for a Writ of Habeas Corpus will be denied.  An appropriate Order follows.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: May 18, 2012